**Al KONRAD, Appellee,**

v.

**Hank STEPHENSON, Appellant.**

**No. LR–C–86–599.**

United States District Court,
E.D. Arkansas, W.D.

Dec. 5, 1986.

James W. Stanley, Jr., North Little Rock, Ark., for appellee.

Greg Stephens and Morgan E. Welch, North Little Rock, Ark., for appellant.

## ORDER

HENRY WOODS, District Judge.

This appeal from Bankruptcy Court involves an interpretation of Arkansas' homestead exemption. The facts are not in dispute. Appellee, the debtor in the bankruptcy action below, divorced in April of 1982, voluntarily signed a property settlement agreement which gave possession of the couple's home to the wife. It was further agreed that at such time as the house was sold, the parties would evenly divide any equity realized from the sale. Appellee continued to live in the home with his ex-wife on an intermittent basis for some months after the divorce. However, in August of 1983 the appellee moved out of the house for the last time. After that date, he made no contribution toward the mortgage payment or payment of taxes due on the property. Over two years later, in December, 1985, the appellee filed the bankruptcy action from which this appeal is taken. In the bankruptcy suit, the appellee claimed as a homestead exemption his one-half interest in the house still jointly owned with his ex-wife. The bankruptcy court permitted the exemption, and the appellant, a judgment creditor, brings this appeal.

The issue on appeal is simply whether the appellee abandoned his homestead when he voluntarily gave his ex-wife exclusive possession of the house, moved out, and ceased to make any payments toward the mortgage and taxes due on the house. Arkansas law is clear. The question of abandonment turns on whether the appellee intended to return to the house and once again make that house his dwelling place. His intent is to be determined from the facts and circumstances surrounding the case. *Monroe v. Monroe*, 250 Ark. 434, 465 S.W.2d 347. There is not a scintilla of evidence in the record to suggest that this debtor ever intended to return to live in this house.

If property settlement agreements pursuant to divorce are to be treated differently making the general rule regarding intent to return inapplicable, this Court finds no authority in Arkansas law, nor has appellee directed this Court to any such statute or holding. Such an expansion of the homestead exemption is not an appropriate action for this Court to take. Such fundamental changes are better left to state courts and legislatures.

Accordingly, the Order of the Bankruptcy Court is hereby reversed insofar as it exempts as homestead the appellee's one-half interest in the real estate in question.